FILED
CLERK, U.S. DISTRICT COURT
10/1/19
CENTRAL DISTRICT OF CALIFORNIA
BY: KDI  DEPUTY

UNITED STATES DISTRICT COURT     "O"

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KIRKPATRICK,<br><br>    Petitioner,<br><br>    v.<br><br>T. FOSS, Warden,<br><br>    Respondent. | No. CV 17-08917-CAS (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file, including the First Amended Petition for Writ of Habeas Corpus, the Report and Recommendation ("Report") of the United States Magistrate Judge, and the Objections filed by Petitioner. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections were made. The Court agrees with the Report.

    In his objections, Petitioner argues that the First Amended Petition is not barred by the one-year statute of limitations under the AEDPA because the Superior Court recently denied a petition pursuant to Cal. Penal Code § 1170.95. Petitioner contends that the denial of his petition constitutes a new judgment.

    After receiving the objections, the magistrate judge issued an order that required Respondent to lodge both the petitions and any state court decisions, and

ordered supplemental briefing by the parties. On September 10, 2019, Respondent lodged the documents and filed a supplemental brief. (Dkt. Nos. 37-38.) The court has not received a supplemental brief from Petitioner.

On July 11, 2019, the Superior Court denied the petition for two reasons: (1) Petitioner is not eligible for relief pursuant to Cal. Penal Code §§ 1170.95 and 189(e)(1); and (2) Cal. Penal Code § 1170.95 is unconstitutional for various reasons. (Dkt. No. 38-8.) *See People v. Gutierrez-Salazar*, 38 Cal. App. 5th 411, 419 (2019) (finding defendant was not entitled to relief under amended law). The Superior Court "heard the evidence and remains convinced that [Petitioner] and his brother both intentionally and deliberately shot an unarmed gang rival to death on May 16, 2011, that [Petitioner] admitted he was one of the killers, and that as one of two actual killers he is not eligible for sentencing relief pursuant to Penal Code §§ 1170.95 and 189(e)(1). (*Id.* at 2.)

The First Amended Petition does not challenge state court's denial of the petition filed under Cal. Penal Code § 1170.95. The judgment under which Petitioner is being held in custody and challenged in the First Amended Petition is the judgment that became final on April 26, 2016. (Report at 4); *Compare Clayton v. Biter*, 868 F.3d 840, 844 (9th Cir. 2017) (holding denial of petition for resentencing under Cal. Penal Code § 1170.126 "results in the entry of a new appealable order or judgment" and "therefore constitutes a new judgment"; finding federal habeas petition challenging denial of that petition and not underlying conviction is therefore not second or successive), *with Davis v. Sullivan*, 2018 U.S. App. LEXIS 19388, *1 (9th Cir. July 13, 2018) (distinguishing *Clayton* when federal habeas petition does not challenge denial of resentencing but rather original judgment of conviction).

Petitioner's remaining objections are without merit.

IT IS ORDERED that Respondent's motion to dismiss the First Amended Petition for Writ of Habeas Corpus is GRANTED.

IT IS FURTHER ORDERED that Judgment be entered denying the First

Amended Petition for Writ of Habeas Corpus as untimely and dismissing the action with prejudice.

DATED: October 01, 2019

_Christina A. Snyder_
CHRISTINA A. SNYDER
United States District Judge