

FILED
CLERK, U.S. DISTRICT COURT
10/2/19
CENTRAL DISTRICT OF CALIFORNIA
BY: KDI DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KIRKPATRICK,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>T. FOSS, Warden,<br><br>　　　　　Respondent. | No. CV 17-08917-CAS (AGR)<br><br>AMENDED ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file, including the First Amended Petition for Writ of Habeas Corpus, the Report and Recommendation ("Report") of the United States Magistrate Judge, and the Objections filed by Petitioner. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections were made. The Court agrees with the Report.

In his objections, Petitioner argues that the First Amended Petition is not barred by the one-year statute of limitations under the AEDPA because the Superior Court recently denied a petition pursuant to Cal. Penal Code § 1170.95. Petitioner contends that the denial of his petition constitutes a new judgment. When "there is a 'new judgment intervening between the two habeas petitions,' an application

challenging the resulting new judgment is not second or successive at all." *Magwood v. Patterson*, 561 U.S. 320, 342 (2010) (citation omitted).

After receiving the objections, the magistrate judge issued an order that required Respondent to lodge both the petitions and any state court decisions, and ordered supplemental briefing by the parties. On September 10, 2019, Respondent lodged the documents and filed a supplemental brief. (Dkt. Nos. 37-38.) On September 30, 2019, Petitioner filed a supplemental objection. (Dkt. No. 39.)

On July 11, 2019, the Superior Court denied the petition for two reasons: (1) Petitioner is not eligible for relief pursuant to Cal. Penal Code §§ 1170.95 and 189(e)(1); and (2) Cal. Penal Code § 1170.95 is unconstitutional for various reasons. (Dkt. No. 38-8.) *See also People v. Gutierrez-Salazar*, 38 Cal. App. 5th 411, 419 (2019) (finding defendant was not entitled to relief under amended law). The Superior Court "heard the evidence and remains convinced that [Petitioner] and his brother both intentionally and deliberately shot an unarmed gang rival to death on May 16, 2011, that [Petitioner] admitted he was one of the killers, and that as one of two actual killers he is not eligible for sentencing relief pursuant to Penal Code §§ 1170.95 and 189(e)(1). (*Id.* at 2.)

The First Amended Petition does not challenge state court's denial of the petition filed under Cal. Penal Code § 1170.95. The judgment under which Petitioner is being held in custody and challenged in the First Amended Petition is the judgment that became final on April 26, 2016. (Report at 4); *compare Clayton v. Biter*, 868 F.3d 840, 844 (9th Cir. 2017) (holding denial of petition for resentencing under Cal. Penal Code § 1170.126 "results in the entry of a new appealable order or judgment" and "therefore constitutes a new judgment"; finding federal habeas petition challenging denial of that petition and not underlying conviction is therefore not second or successive), *with Davis v. Sullivan*, 2018 U.S. App. LEXIS 19388, *1 (9th Cir. July 13, 2018) (distinguishing *Clayton* when federal habeas petition does not challenge denial of resentencing but rather original judgment of conviction).

Petitioner's remaining objections are without merit.

IT IS ORDERED that Respondent's motion to dismiss the First Amended Petition for Writ of Habeas Corpus is GRANTED.

IT IS FURTHER ORDERED that Judgment be entered denying the First Amended Petition for Writ of Habeas Corpus as untimely and dismissing the action. Nothing in this order prevents Petitioner from filing a petition for writ of habeas corpus challenging the denial of his state court petition pursuant to Cal. Penal Code § 1170.95. The court expresses no view on the merits of such a habeas petition. There is no amendment to the Judgment.

DATED: October 2, 2019

CHRISTINA A. SNYDER
United States District Judge